# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRIN MATTHEW DIVINCENZO,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES YOUNG, et al.,<br><br>Defendants. | Case No. 1:14cv-00004-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**AMENDED PLEADING DUE IN THIRTY (30) DAYS** |

Plaintiff Darrin Matthew Divincenzo is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Before the Court for screening is Plaintiff's complaint. For the reasons set forth below, the Court finds the complaint fails to state a cognizable claim and ORDERS it DISMISSED with leave to amend.

## I.  SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLEADING STANDARD

§ 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

## III.   PLAINTIFF'S ALLEGATIONS

Plaintiff complains that while housed at Pleasant Valley State Prison ("PVSP") Defendants denied, delayed and provided improper care of his injured shoulder violating his rights under the Eighth Amendment of the U.S. Constitution.

Plaintiff names as Defendants (1) Young, PVSP Chief Executive Officer of Health Care Services, (2) Chokatos, PVSP Medical Doctor, (3) DeLaSierra, PVSP Medical Doctor, (4) Evans, PVSP Physical Therapist, (5) Fortune, PVSP Physician Assistant, (6) Cano, PVSP Registered Nurse, (7) Black, PVSP Registered Nurse, (8) Rojas, PVSP Registered Nurse, (9) Nesbit, PVSP Health Care Appeals Coordinator, (10) Martinez, PVSP Health Care Appeals Coordinator, (11) Doe No. 1, PVSP Registered Nurse, (12) Doe Nos. 2-4, PVSP Health Care Services Supervisors.

More specifically, Plaintiff alleges that:

On December 8, 2012, he injured his shoulder while exercising and suffered extreme pain and limited range of motion. In the ensuing three weeks, Nurses Cano and Black examined him and provided routine pain medication, but refused emergency care and a lay-in order.

Dr. DeLaSierra examined Plaintiff in late December, 2012, diagnosed a frozen shoulder, ordered x-rays and suggested exercise, but refused Plaintiff's request for an MRI. The x-rays came back negative on January 2, 2013.

Shoulder pain and mobility issues continued through March 2013. Nurses Black, Rojas and Doe 1 persisted in categorizing his case as routine. Dr. DeLaSierra and Physician Assistant Fortune referred him to physical therapy, but denied him an MRI.

Plaintiff received physical therapy from Defendant Evans during March-May 2013. By this time his shoulder was deformed and the therapy caused severe pain. Plaintiff's health care appeals seeking an MRI, stronger pain medication and orthopedic consultation were improperly denied by Defendant Health Care Appeals Coordinators Nesbit and Martinez.

Dr. Chokatos examined the shoulder in May 2013. Chokatos referred Plaintiff for an MRI, prescribed narcotic pain killer, and recommended continued exercise. Defendant Does 2-4 scheduled Plaintiff a late May 2013 MRI which showed a rotator cuff tear and tendon injury. Chokatos re-examined Plaintiff in June 2013 and referred him for a July 2013 orthopedic consult and August 2013 arthroscopic surgery and

3

provided him with a sling and accommodation chrono.

Defendant Young supervised the above Defendants, was aware of Plaintiff's complaints and that Plaintiff was a Plata class member. Yet Young refused to take any action.

Defendants' caused Plaintiff physical and mental pain and permanent disability for which he seeks monetary damages.

**IV.     THE COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM**

    **A.     Failure to Link Supervisory Defendant**

A § 1983 plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). A government official may not be held liable for actions of subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. A plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id.

Plaintiff alleges that on May 30, 2013, Health Care CEO Young was "made aware of Plaintiff's complaints regarding the inadequate treatment that he was receiving from the PVSP nursing staff" and he "refused to take any action to address Plaintiff's complaints." (ECF No. 1, at 14:8-11.) However, Plaintiff does not specify what complaints Young was aware of, how Young became aware, or when and how Young acted or failed to act in violation of Plaintiff's rights. It does not appear Young was present during any of the events alleged and nothing before the Court indicates Young personally acted or failed to act in a way that violated Plaintiff's rights.

Plaintiff asserts membership in the class action Plata v. Brown, pending in the Northern District of California.[1] He claims Young failed to take action appropriate under

---

[1] The Court takes judicial notice Plata et al. v. Brown, et al., case number 3:01–cv–01351–TEH pending in the Northern District of California.

1  Plata to remedy unspecified systemic deficiencies in PVSP's medical care. Such a claim
2  seeking class or systemic relief rather than individualized injunctive relief appears
3  duplicative of and barred by the Plata litigation and the Stipulation for Injunctive Relief
4  entered in Plata. See Pride v. Correa, 719 F.3d 1130, 1136-37 (9th Cir. 2013). Plaintiff
5  may assert such a claim through the Plata receivership, but not in this action.

6  If Plaintiff chooses to amend, he should provide factual detail demonstrating what
7  Young did or did not do, when, and why and how his rights were violated.

### B.  No Claim for Medical Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). This requires Plaintiff to show (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096, quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).

Where a delay in treatment is alleged, the plaintiff must show it led to further significant injury or the unnecessary and wanton infliction of pain. Jett, 439 F.3d at 1096. The delay only rises to a constitutional violation if it caused the prisoner "substantial harm." Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990).

Plaintiff shoulder injury, including severe pain and mobility impairment, presented a serious medical need. Jett, 439 F.3d at 1096; See McGuckin, 974 F.2d at 1059–60. However, the facts of the complaint do not indicate that Defendants knowingly denied and delayed medically necessary care or knowingly provided unacceptable medical care. See Toguchi v. Chung, 391 F.3d 1051, 1058–60 (9th Cir. 2004). Indeed the facts alleged suggest Plaintiff had ready access to and received ongoing medical care. He was first examined and treated two days after his injury, and his many request for

medical services over subsequent weeks and months received responses: examination, medication, testing, diagnosis and a treatment plan to include physical therapy. When symptoms persisted, he received an MRI, followed by consultation with a specialist and ultimately arthroscopic surgery.

Rather than alleging facts from which one might conclude Defendants acted culpably, with a conscious disregard of serious risk of harm to Plaintiff, it appears Defendants provided care consistent with their medical judgment and that Plaintiff simply disagrees with the choices made for care and treatment. Plaintiff's mere belief that triage and treatment decisions were medically wrong and that he should have received quicker and different testing and treatment, without more, is not a basis for a federal deliberate indifference claim unless the treatment chosen is medically unacceptable and with conscious disregard of an excessive risk to the prisoner's health. See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Nothing before the Court suggests Defendants intentionally provided medically unacceptable care.

Likewise Plaintiff's belief Defendants caused him further injury and disability is factually unsupported. See McGuckin, 974 F.2d at 1060, citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (any alleged delay in receiving medical treatment must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs).

So long as his treatment was adequate, that Plaintiff might have preferred different treatment does not give rise to an Eighth Amendment violation. Evan v. Manos, 336 F.Supp.2d 255, 261 (W.D.N.Y. 2004); see also Veloz v. New York 339 F.Supp.2d 505, 521 (S.D.N.Y. 2004), citing Hathaway v. Coughlin, 37 F.3d 63, 69 2d Cir. 1994) ("To establish deliberate indifference, plaintiff must demonstrate that the defendants actually wish[ed] him harm, or at least, [were] totally unconcerned with his welfare.").

Even if Defendants failed to properly triage, diagnose and treat Plaintiff in accordance with the medical standard of care, he alleges nothing more than

inactionable medical negligence. See Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06 (1976) (mere indifference, negligence, or medical malpractice will not support this cause of action).

In summary, nothing before the Court suggests Defendants intentionally denied or delayed responding to Plaintiff's injury or interfered with a response by others. Cf., Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (doctor's awareness of need for treatment followed by his unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference).

Plaintiff fails to state a claim for medical indifference. If Plaintiff chooses to amend, he must allege facts showing named Defendants knowingly denied, delayed, or interfered with a response to his serious medical need, or knowingly provided medically unacceptable care, and harm caused thereby.

### C.   No Due Process Claim for Health Care Appeals

#### 1.   Administrative Grievance Process

Plaintiff may wish claim improper handling and disposition of his health care appeals. However, Plaintiff may not assert a constitutional violation based solely on such a claim.

Prison staff actions in responding to Plaintiff's prisoner grievances alone cannot give rise to any claim for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993), citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (D.C. Ill. 1982). A prisoner does not have a claim of entitlement to a grievance procedure. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Ramirez v. Galarza, 334 F.3d 850, 860 (9th Cir. 2003).

Plaintiff may not state a due process claim arising solely from processing and denial of administrative grievances. Leave to amend such a claim is futile and denied on that basis.

#### 2.   Violation of Medical Treatment Protocols

     Plaintiff may wish to claim Defendants violated CDCR Health Care Services treatment protocols calling for emergency, rather than routine, medical care. However, Plaintiff does not identify the protocols or any private right of action to sue for their violation. The existence of, for example, violation of Title 15 regulations governing the conduct of prison officials does not necessarily entitle an inmate to sue civilly for their violation. Several district court decisions hold that there is no such right. See e.g., Vasquez v. Tate, 1:10-cv-01876-JLT, 2012 WL 6738167, at *9 (E.D. Cal. December 28, 2012); Davis v. Powell, 901 F.Supp.2d 1196, 1211 (S.D. Cal. 2012).

     Likewise, should Plaintiff wish to allege violation of protocols in the Plata Stipulation for Injunctive Relief, he alleges no basis for an individual claim to monetary damages. Remedial orders issued in Plata do not provide Plaintiff with an independent cause of action under § 1983 because the orders do not have the effect of creating or expanding Plaintiff's constitutional rights. Coleman v. CDCR, 1:09-cv-02192-SKO, 2011 WL 2619569, at *4, citing Cagle v. Sutherland, 334 F.3d 980, 986–87 (9th Cir. 2003) (consent decrees often go beyond constitutional minimum requirements, and do not create or expand rights); see also Green v. McKaskle, 788 F.2d 1116, 1123 (5th Cir. 1986) (remedial decrees remedy constitutional violations but do not create or enlarge constitutional rights and can not serve as a substantive basis for damages).

     If Plaintiff chooses to amend, he must identify the regulatory or other violation and the basis for his private right of action thereon.

## V.   CONCLUSIONS AND ORDER

     The complaint does not state a claim for relief under § 1983. The Court will grant an opportunity to file an amended complaint consistent with the foregoing. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

     If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to state a claim that is plausible on its face." Id. at

8

1949, quoting Twombly, 550 U.S. at 555. Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his complaint filed January 2, 2014,
2. Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief may be granted,
3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and
4. If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned will recommend this action be dismissed, with prejudice,

for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Di Vittorio</u> 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:    January 14, 2014            /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE